### W. P. Young *v.* The State.

Escape — Jurisdiction and Practice of the Court of Appeals. — An appeal in a felony case having been dismissed by this court on suggestion and proof of the escape from jail of the appellant, he moved the court to reinstate the cause, and supported his motion by his affidavit to the effect that he was compelled by his fellow-prisoners to leave the jail with them, contrary to his own will, and that he voluntarily returned and surrendered himself as soon as he safely could. His voluntary return and surrender were corroborated by other affiants, and are not controverted, but his statements in all other material respects were denied by the affidavits of his jailers, and are deemed by this court to be disproved, as well as intrinsically improbable. *Quære:* whether, in view of the provisions of the act of August 21, 1876, it is competent for this court, upon any showing, to resume jurisdiction of an appeal dismissed on suggestion and proof of the escape of the appellant. But *held* that, if competent, the showing in this case is not sufficient.

Original motion in this court to reinstate on the docket the case of the appellant, which had previously been dismissed on suggestion of the attorney general.

The opinion discloses all material facts.

*Boyd & Holman* and *D. L. Russel*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J.    At the October term, 1877, of the District Court of Bell County, the appellant, W. P. Young, was in-

dicted, tried, and convicted of incest, and his punishment assessed at imprisonment for two years in the penitentiary. From this judgment an appeal was taken to this court at its last Tyler term (1877), where the questions of law and fact were ably argued, both orally and by brief, by the counsel for the defendant and the state.

The case was then submitted, on December 1st, for decision, to the court. On December 12th, following, and whilst the case was still held under advisement and undecided, the assistant attorney general obtained leave to withdraw his submission of the case, and filed a motion to dismiss the appeal because the appellant had escaped from custody on December 8th and was at large; by reason of which, it was contended, this court had lost its jurisdiction over the case. The motion was accompanied by satisfactory evidence, was granted, and the appeal dismissed.

On December 19th, following, counsel for appellant filed a motion to have the judgment of dismissal set aside, and the appeal reinstated upon the docket that it might be heard and determined, alleging as a basis for the motion that on December 17, 1877, the appellant, without having been arrested by any one, voluntarily returned and surrendered himself to the custody of the sheriff of Bell County, and that he was then safely confined in jail awaiting the decision of his case by this court. By agreement of parties this motion to reinstate was transferred to this branch of the court.

In support of his motion to reinstate, appellant files his own affidavit setting forth the mode, manner, and means by which his escape from custody was effected, and the reasons which induced him to escape. The substance of his statement is that he was forced by two parties who were confined in the same iron cage with him, not only to aid them in effecting their escape, but to go with them himself after they

had broken jail. This, he says, he did, being "compelled by superior force and by fear of bodily harm." After getting out of the jail, it seems that appellant went with one of these escaped prisoners some thirty miles up into the mountains, where, he says, he remained six or seven days before he found an opportunity to escape from his companions and return to jail.

The facts stated in the affidavit of appellant are controverted, denied, and denounced as false in every important particular, except the fact of the voluntary return, by affidavits of the deputy sheriff and sheriff of Bell County, filed in opposition to the motion to reinstate. The statement made by appellant, taken in connection with the additional facts stated by these officials, to our minds appear unreasonable and improbable.

We are of opinion that it would be a dangerous precedent, and one which would tend utterly to abrogate the provisions of the law with regard to escapes, for this court to exercise the authority of granting the proposed relief under the circumstances of this case. The law is "that, in case the defendant shall make his escape from prison during the pending of the appeal, then the jurisdiction of the appellate court shall no longer attach in the case; and, upon the fact of such escape being made to appear, the court shall, on motion of the attorney general or counsel for the state, dismiss the appeal." Acts Fifteenth Legislature, 217.

The dismissal of the case at Tyler put an end to the jurisdiction of this court over it, and no good cause has been shown why (if possible after it is once lost) we should resume it again. It may appear to be a hardship upon appellant, but, if so, it is one for which no one is responsible or blamable but himself.

The motion to set aside the judgment of dismissal and reinstate the case upon the docket is refused.

*Ordered accordingly.*